IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BOESCHEN, ) | |
| 9571 Woodcrest Place ) | |
| Breese, IL  62230 ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| vs. ) | |
| ) | Division No. |
| BUTLER TRANSPORT ) | |
| ) | |
| Serve at: ) | |
| Registered Agent ) | |
| George Butler ) | |
| 5400 Speaker Road ) | JURY TRIAL DEMANDED |
| Kansas City, KS  66106 ) | |
| ) | |
| and ) | |
| ) | |
| HUGH ROPER, ) | |
| ) | |
| Serve at: ) | |
| 305 Rock Forge Ct. ) | |
| Jefferson, GA  30549 ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

COMES NOW, Plaintiff, DAVID BOESCHEN, and for his causes of action against Defendants, BUTLER TRANSPORT and HUGH ROPER states to the Court as follows:

Preliminary Statement

This action seeks compensatory damages for acute injuries suffered by Plaintiff David Boeschen, on April 13, 2015, while Plaintiff was operating a vehicle on northbound Interstate 255 in St. Clair County, State of Illinois.  The Plaintiff suffered severe physical injuries when the vehicle which he was driving was struck by a tractor trailer being operated by Defendant Hugh Roper.

Jurisdiction

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds $75,000.

Venue

2. Venue of this action properly lies in the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred within this district.

Parties

3. Plaintiff, DAVID BOESCHEN (hereinafter "Plaintiff") is a resident and citizen of the City of Breese, State of Illinois.

4. Defendant HUGH ROPER, (hereinafter "Defendant Roper") is a resident and citizen of the City of Jefferson, State of Georgia, who was transacting and conducting commercial activities within the State of Illinois on behalf of Defendant BUTLER TRANSPORT at the time of the crash described herein.

5. Defendant BUTLER TRANSPORT (hereinafter "Defendant Butler") is a corporation, with a principal place of business in the State of Kansas that conducts business in the State of Illinois, among other states, as an interstate motor carrier subject to Federal Motor Carrier Safety Regulations promulgated by the Federal Motor Carrier Safety Administration, U. S. Department of Transportation.

<u>COUNT I</u>

<u>DEFENDANT BUTLER TRANSPORT</u>

<u>NEGLIGENCE</u>

6. On or about April 13, 2015, Defendant Butler's agent, servant and/or employee while acting within the scope of his employment was traveling northbound on Interstate 255 and failed to stop, permitting his commercial vehicle to strike Plaintiff's vehicle, resulting in injuries to Plaintiff which were the direct and proximate result of the carelessness and negligence of Defendant Butler.

7. As a direct result of the negligence of Defendant Butler, acting through its agents, servants or employee, individually or in combination, in one or more of the following respects:

a) Its driver was inattentive to the roadway;

b) Its driver carelessly and neglectfully failed to stop;

c) Its driver carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with Plaintiff's vehicle;

d) Its driver failed to control the commercial vehicle;

e) Its driver was carelessly and negligently operated his commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

f) Its driver carelessly and negligently failed to exercise the highest degree of care to keep a lookout to the front so as to discover Plaintiff's vehicle;

h) It entrusted its driver to operate its commercial vehicle when it knew or should have known that he had an unsafe past while operating motor vehicles;

i) It failed to train its driver in the safe operation of commercial vehicles;

j) It retained Defendant Roper as a driver when it knew or should have known of his unsafe past while operating motor vehicles;

k) It hired Defendant Roper without performing an adequate investigation of his driving history.

8. Defendant Butler acting through its agents, servants or employee, individually or in combination, owed a duty of care to members of the general public, including Plaintiff, while using the public roadways on or about April 13, 2015.

9. As a direct and proximate result of the negligence and carelessness of Defendant Butler and Defendant Butler's agent, servant and/or employee acting within the scope of his employment, as aforesaid, Plaintiff was caused to suffer and did suffer from serious and permanent injuries in the following respects, to-wit: Plaintiff suffered injuries to his neck, back and right knee, being permanent, progressive and painful; Plaintiff suffered, does suffer and will in the future continue to suffer such pain; Plaintiff's injuries are serious, permanent, disabling, and painful; and the function, use and movement of the aforementioned parts of Plaintiff's body are and in the future will be impaired and diminished.

10. That as a direct and proximate result of the negligence and carelessness of the Defendant Butler, Plaintiff has incurred medical expenses in sums not yet determined, which sums for medical expenses may increase, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future on account of medical expenses.

WHEREFORE, Plaintiff David Boeschen prays for judgment against Defendant Butler Transport for his costs incurred and for such other relief as the Court deems just and equitable, and hereby requests a trial by jury.

## COUNT II

## DEFENDANT HUGH ROPER

## NEGLIGENCE

COMES NOW Plaintiff, and for his cause of action against Defendant Roper, states as follows:

11. Plaintiff adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-10 above.

12. On or about April 13, 2015 Defendant Butler's agent, servant and/or employee while acting within the scope of his employment was traveling northbound on Interstate 255 and failed to stop, permitting his commercial vehicle to strike Plaintiff's vehicle, resulting in injuries to Plaintiff which were the direct and proximate result of the carelessness and negligence of Defendant Butler's agent, servant and/or employee Defendant Butler while acting within the scope of his employment.

13. As a direct result of the negligence of Defendant Roper, acting as agent, servant and/or employee, within the scope of his employment with Defendant Butler, individually or in combination, in one or more of the following respects:

a) Defendant Roper was inattentive to the roadway;

b) Defendant Roper carelessly and neglectfully failed to stop;

c) Defendant Roper carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with Plaintiff's vehicle;

d) Defendant Roper failed to control the commercial vehicle;

e) Defendant Roper was carelessly and negligently operated his commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

f) Defendant Roper carelessly and negligently failed to exercise the highest degree of care to keep a lookout to the front so as to discover Plaintiff's vehicle;

14. Defendant Roper, acting as agent, servant and/or employee within the scope of his employment with Defendant Butler, individually or in combination, owed a duty of care to members of the general public, including Plaintiff, while using the public roadways on or about April 13, 2015.

15. As a direct and proximate result of the negligence and carelessness of Defendant Roper acting within the scope of his employment, as aforesaid, Plaintiff was caused to suffer and did suffer from serious and permanent injuries in the following respects, to-wit: Plaintiff suffered injuries to his neck, back and right knee, being permanent, progressive and painful; Plaintiff suffered, does suffer and will in the future continue to suffer such pain; Plaintiff's injuries are serious, permanent, disabling, and painful; and the function, use and movement of the aforementioned parts of Plaintiff's body are and in the future will be impaired and diminished.

16. That as a direct and proximate result of the negligence and carelessness of the Defendant Roper, Plaintiff has incurred medical expenses in sums not yet determined, which sums for medical expenses may increase, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future on account of medical expenses.

WHEREFORE, Plaintiff David Boeschen prays judgment against Defendant Hugh Roper, in an amount in excess of $75,000.00, and for such other and further relief as the Court shall deem just and equitable, and hereby requests a trial by jury.

BROWN & CROUPPEN, P.C.

BY: /s/ Joseph R. Hillebrand
Joseph R. Hillebrand, #6211755
Attorney for Plaintiff
One Metropolitan Square
211 N. Broadway, Suite 1600
St. Louis, Missouri 63102
(314) 561-6320
(314) 421-0359 (Fax)
JoeH@getbc.com
pipleadings@getbc.com