IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BOESCHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-0455-MJR-SCW |
| | ) |
| BUTLER TRANSPORT, | ) |
| and HUGH ROPER, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### A. Introduction

In this personal injury lawsuit, David Boeschen (Plaintiff) alleges that he was severely injured in a vehicular collision and asserts negligence claims against two Defendants – (1) Hugh Roper, who was driving the tractor-trailer that struck Boeschen's vehicle, and (2) Butler Transport, Roper's employer. The Court enjoys subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332.

Before the Court is Defendant Butler Transport's June 27, 2016 motion to dismiss (under Federal Rule of Civil Procedure 12(b)(6)) or strike (under Federal Rule of Civil Procedure 12(f)) a portion of Plaintiff's first amended complaint. Plaintiff has timely responded to the motion. For the reasons explained below, the Court grants the motion.

1

B. <u>Applicable Legal Standards</u>

In deciding a motion to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6), the district court's task is to determine whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, **539 F.3d 782, 788 (7th Cir. 2008),** *quoting Bell Atlantic Corp. v. Twombly*, **550 U.S. 544 (2007).** Post-*Twombly*, district courts "must still approach motions under Rule 12(b)(6) by 'construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" *Hecker v. Deere & Co.*, **556 F.3d 575, 580 (7th Cir. 2009),** *cert. denied*, **130 S. Ct. 1141 (2010),** *quoting Tamayo v. Blagoyevich*, **526 F.3d 1074, 1081 (7th Cir. 2008).**

Legal conclusions and conclusory allegations that merely recite the elements of a claim are not entitled to the presumption of truth afforded to well-pled facts. *See McCauley v. City of Chicago*, **671 F.3d 611, 616 (7th Cir. 2011).** Therefore, after excising the allegations not accepted as true, the Court must decide whether the remaining factual allegations plausibly suggest entitlement to relief. *Id.*

Rule 12(b)(6) motions must be decided strictly on the pleadings and materials attached thereto, plus documents referred to in the complaint and central to the plaintiff's claim or subject to proper judicial notice. **Fed. R. Civ. P. 12(d);** *Rogers v.*

2

*Cartage Co.,* **794 F.3d 854, 861 (7th Cir. 2015);** *Brownmark Films, LLC v. Comedy Partners,* **682 F.3d 687, 690 (7th Cir. 2012).**

Whereas Rule 12(b)(6) motions challenge the sufficiency of the complaint to state a claim upon which relief can be granted, Rule 12(f) authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* **554 F.3d 1133, 1142 (7th Cir. 2009),** *quoting* FED. R. CIV. P. 12(f).

Many cases mention the fact that motions to strike are generally disfavored and infrequently granted. For instance, in *Waste Management Holdings, Inc. v. Gilmore,* **252 F.3d 316, 347 (4th Cir. 2001),** *cert. denied,* **535 U.S. 904 (2002),** the court explained that Rule 12(f) motions are not favored, "'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.' 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990).

Nevertheless, 'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" *See also In re Zarnel,* **619 F.3d 156, 161 (2nd Cir. 2010).** And motions to strike *are* properly used to "remove unnecessary clutter" from the pleadings. *See Heller Fin., Inc., v. Midwhey Powder Co., Inc.,* **883 F.2d 1286, 1294 (7th Cir. 1989).** Bearing these standards in mind, the undersigned turns to Butler's pending motion.

3

C. <u>Analysis</u>

Count II of Plaintiff's first amended complaint alleges that <u>Roper</u>, an agent of Butler Transport, driving in the scope of his employment, was negligent in various ways, e.g., inattention to the road, driving too fast, and failing to sound a warning before the crash. Count I alleges that <u>Butler Transport</u> was negligent in ten respects (Doc. 11, pp. 3-4) (note: the complaint, Doc. 11, p. 3, ¶ 7, skips the letter "g"):

a) Its driver was inattentive to the roadway;

b) Its driver carelessly and neglectfully failed to stop;

c) Its driver carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with Plaintiff's vehicle;

d) Its driver failed to control the commercial vehicle;

e) Its driver was carelessly and negligently operated [sic] his commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

f) Its driver carelessly and negligently failed to exercise the highest degree of care to keep a lookout to the front so as to discover Plaintiff's vehicle;

h) It entrusted its driver to operate its commercial vehicle when it knew or should have known that he had an unsafe past while operating motor vehicles;

i) It failed to train its driver in the safe operation of commercial vehicles;

j) It retained Defendant Roper as a driver when it knew or should have known of his unsafe past while operating motor vehicles;

k) It hired Defendant Roper without performing an adequate investigation of his driving history.

4

On June 27, 2016, Butler filed an answer with affirmative defenses. In that answer, Butler admitted the following (Doc. 18, pp. 2-3, emphasis added):

> *Upon information and belief*, Butler Transport **admits** the allegation of Paragraph 4 that Hugh Roper is a resident and citizen of the State of Georgia, <u>and Butler Transport **admits**</u> that Hugh Roper was employed by Butler Transport and was acting during the course of and within the scope of his employment while he was operating the vehicle and traveling northbound on Interstate 255 on April 13, 2015….
>
> Butler Transport **admits** that Hugh Roper was employed by Butler Transport and, *upon and information and belief*, was acting during the course of and within the scope of his employment while he was operating the vehicle and traveling northbound on Interstate 255 on April 13, 2015 when the front of his vehicle made contact with the rear of Plaintiff's vehicle….

The wording of the answer, especially the underlined section in the first excerpt (in which the "upon information and belief" could be read to modify the first admission and not the second) leaves unclear the precise extent of what Butler is admitting. That is relevant here, because Butler has moved to dismiss or strike subparagraphs (h) through (k) of paragraph 7 of Count I of the first amended complaint. The record before the Court suggests that Butler admits that Roper was employed by Butler, and the limiting language ("upon information and belief") was intended to apply, *if at all*, only to the allegation that Roper was acting during the course and within the scope of his employment at the time of the collision.

In fact, in its motion to dismiss or strike (Doc. 20, p. 2), Butler goes further and states that it "has admitted that Hugh Roper (its employee) was acting within the

5

course and scope of his employment at the time of the accident." Likewise, in the supporting brief (Doc. 21, p. 2), Butler states that it "has admitted that Hugh Roper was acting within the course and scope of his employment at the time of the motor-vehicle accident that occurred in April 2015, and therefore, has admitted liability for the conduct of Defendant Roper." Based on this admission, Butler argues the Court should dismiss Plaintiff's "theories" or strike Plaintiff's "allegations" of negligent entrustment, negligent failure to train, negligent retention, and negligent hiring found in subparagraphs (h) through (k) of Count I (Doc. 20, pp. 2-3).

Butler correctly points out that under Illinois law (which applies to this diversity action), once an employer admits responsibility for the actions of its employee via *respondeat superior*, a plaintiff cannot maintain a direct claim against the employer for negligently hiring, retaining, or entrusting the employee. In **Gant v. L.U. Transport, Inc., 770 N.E.2d 1155, 1159 (Ill. App. 2002),** the Illinois Court of Appeals held that once an employer admits liability under *respondeat superior*, a plaintiff may not proceed against the employer on another theory of imputed liability like negligent hiring, negligent retention, or negligent entrustment. To do so would permit a jury to assess the employer's liability twice, and the "fault of one party cannot be assessed twice, regardless of the adoption of comparative negligence." **Id. at 1160.**

Four years later, in *Thompson v. Northeast Illinois Regional Commuter RR Corp.*, 854 N.E.2d 744, 747 (Ill. App. 2006), *citing Gant*, 770 N.E.2d at 1155, the Illinois Court of Appeals explained:

> The doctrine of *respondeat superior* and the doctrine of negligent entrustment are simply alternative theories by which to impute an employee's negligence to an employer…. Under either theory, the liability of the principal is dependent on the negligence of the agent…. If it is not disputed that the employee's negligence is to be imputed to the employer under the doctrine of *respondeat superior*, then the cause of action for negligent entrustment is duplicative and unnecessary…. To allow both causes of action to stand would allow the jury to assess or apportion the principal's liability twice.[1]

Turning to the case at bar, "Butler Transport (the employer) has admitted that Hugh Roper (its employee) was acting within the course and scope of his employment at the time of the accident" (Doc. 20, p. 2), so Plaintiff's claims of negligent entrustment, negligent failure to train, negligent retention, and negligent hiring run are duplicative and unnecessary under *Gant*. Plaintiff essentially concedes this point but flags the fact that Butler – in its *answer*, as opposed to the motion and supporting brief – has qualified the wording of the admission with the phrase "upon information and belief."

---

[1] The Illinois Supreme Court has carved out an exception to the rule announced in *Gant* for cases alleging *willful and wanton* misconduct by the employer. *See Lockett v. BiState Transit Authority*, 445 N.E.2d 310, 314 (Ill. 1983) (unlike a claim for negligent entrustment, in willful and wanton cases, the employer may be found guilty of willful and wanton misconduct even though the employee was only negligent, so the necessity of proof of the employer's misconduct "is not eliminated simply because [the employer] acknowledges an agency relationship with the tortfeasor [employee].").

7

The Court finds Plaintiff's claims against Butler for negligent entrustment, negligent failure to train, negligent hiring, and negligent retention are duplicative and irrelevant. Butler asks to dismiss these "theories" contained in Count I, but Rule 12(b)(6) dismissal is better suited to eliminating entire complaints, counts, or claims, not *theories* that comprise *parts* of a claim. Rule 12(f), by contrast, allows a court to strike parts of pleadings.

Accordingly, the Court **GRANTS** Butler's motion (Doc. 20) under Rule 12(f) and **STRIKES** Plaintiff's allegations against Butler for negligent entrustment, negligent failure to train, negligent hiring, and negligent retention. This ruling is without prejudice to Plaintiff timely reasserting these allegations, if Butler retracts the admission upon which this ruling is grounded.

IT IS SO ORDERED.

DATED September 6, 2016.

                                              s/ Michael J. Reagan
                                              Michael J. Reagan
                                              United States District Court